OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

| | |
|---|---|
| OPINION | No. 89-508 |
| of | APRIL 4, 1990 |
| JOHN K. VAN DE KAMP<br>Attorney General | |
| JACK R. WINKLER<br>Assistant Attorney General | |

THE HONORABLE DON ROGERS, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following questions:

1.     May a county hazardous waste management plan substantially comply with the Planning and Zoning Law when adopted as an optional element of the county's general plan following disapproval of the same plan by the Department of Health Services when submitted to that department pursuant to the Hazardous Waste Control Law?

2.     If a county's general plan does not substantially comply with the statutory requirements for general plans, may the county lawfully issue building permits, grant zoning changes or variances or approve subdivision maps?

CONCLUSIONS

1.     A county hazardous waste management plan may substantially comply with the Planning and Zoning Law when adopted as an optional element of the county's general plan even though the same plan had previously been disapproved by the Department of Health Services when submitted to that department pursuant to the Hazardous Waste Control Law.

2.     A county may lawfully issue building permits, grant zoning changes or variances and approve subdivision maps unless and until the court suspends the authority of the county to take any of such actions based upon its finding that the general plan does not substantially comply with statutory requirements in a judgment rendered pursuant to Government Code section 65754.

ANALYSIS

Authority to Prepare Hazardous Waste Management Plans.

Two separate statutes authorize a county to adopt a hazardous waste management plan. We shall discuss each before applying them to the facts presented in the request for this opinion.

### The Planning and Zoning Law

Title 7 of the Government Code is known as the Planning and Zoning Law. Section 65000.[1] Article 5, chapter 3, division 1 (§§ 65300-65307) of that law governing local planning was first enacted in 1953. (Ch. 1355, Stats. 1953.) Section 65300 requires each city and county to adopt "a comprehensive, long-term general plan for the physical development of the county or city." Section 65302 requires a general plan to have certain mandatory elements, including (a) a land use element, (b) a circulation element, (c) a housing element, (d) a conservation element, (e) an open space element, (f) a noise element, and (g) a safety element. Section 65303 authorizes the inclusion in the general plan of "any other elements or address any other subjects which, in the judgment of the legislative body, relate to the physical development of the county or city."

A hazardous waste management plan could be adopted as an optional element of the county's general plan as authorized by section 65303. Nothing in the Planning and Zoning Law requires approval by the state before such an element is incorporated into the general plan.

### The Hazardous Waste Control Law

Chapter 6.5 of division 20 (commencing with § 25100) of the Health and Safety Code is referred to herein as the "Hazardous Waste Control Law." Health and Safety Code section 25135.1(b) provides that "[a] county may, at its discretion, and after notification to the department [Department of Health Services], prepare a county hazardous waste management plan for the management of all hazardous waste produced in the county." To provide an incentive to counties to prepare a hazardous waste management plan a grant of state funds to pay for its preparation was authorized in Health and Safety Code section 25135.8.

Any such county hazardous waste management plan must contain the eight elements prescribed by Health and Safety Code section 25135.1(d). Health and Safety Code section 27135.7 requires the county to submit its hazardous waste management plan to the Department of Health Services for its approval. The same section requires the department to make four determinations before it approves the plan. After the department approves the plan Health and Safety Code section 25135.7(b) requires the county either to incorporate the plan into its general plan or to adopt an ordinance which requires that all applicable zoning, subdivision, conditional use permit, and variance decisions are consistent with the portions of the county hazardous waste management plan which identify specific sites or siting criteria for hazardous waste facilities.

A county is free to select either of these two statutes as its authority to prepare and adopt a hazardous waste management plan. Of course, the requirements of the statute chosen would have to be followed to adopt the plan. We have found nothing in either statute which would prevent a county from changing from one authorizing statute to another as its authority to adopt a particular

---

[1]Section references are to the Government Code unless otherwise indicated.

hazardous waste management plan, providing the requirements of the statute chosen were met for its adoption.

The factual premise for the first question is that a hazardous waste management plan prepared by a county for adoption under the Hazardous Waste Control Law was not approved by the State Department of Health Services. Because that department's approval is required under the Hazardous Waste Control Law the county could not adopt the plan under that law. It does not follow however, that the county could not use the same plan as the basis for adopting a hazardous waste management plan under the Planning and Zoning Law. Another factual premise of the first question is that the county adopted the disapproved plan as part of its general plan. We see no reason why the county would not be authorized by the Planning and Zoning Law to adopt the plan as an additional element of its general plan providing all of the requirements of the Planning and Zoning Law were followed. We have found nothing in the Planning and Zoning Law which requires the approval of Department of Health Services to the incorporation of a solid waste management plan as an optional element of the county's general plan. Thus the action taken by the State Department of Health Services under the Hazardous Waste Control Law is not relevant to the county's action pursuant to the Planning and Zoning Law.

The department's disapproval of a hazardous waste management plan submitted pursuant to the Hazardous Waste Control Law means the department determined that the plan submitted did not meet all of the requirements of that law. Health and Safety Code section 25135.7(a) provides in part:

"The department shall approve the county hazardous waste management plan if the department makes all of the following determinations:

"(1) The plan substantially complies with the guidelines [2] for the preparation of hazardous waste management plans adopted by the department [pursuant to Health & Safety Code section 25135.5(b)(1)].

"(2) The plan applies the methods, techniques, and policies established by the department to analyze the waste stream and to determine whether there is a need for additional or expanded hazardous waste facilities to safely manage and properly dispose of the hazardous waste generated within the county.

---

[2]The guidelines referred to are those the department is required to prepare by section 25135.5(b)(1) which must include:

"(A) A listing of types or categories of hazardous wastes that can be used in characterizing the hazardous waste stream in each county or region.

"(B) Methods for determining the capacity of the hazardous waste facilities that currently manage the hazardous wastes in the county or region and for assessing the capacity of these hazardous waste facilities to manage these hazardous wastes in the future.

"(C) Methods for assessing the need to establish new, or expand existing, capacity for the management of hazardous wastes produced in each county or region.

"(D) Methods for estimating the amounts of hazardous waste produced by small businesses and households."

"(3) If the plan contains a determination pursuant to paragraph (5) of subdivision (d) of Section 25135.1 that there is a need for additional or expanded hazardous waste facilities, the plan proposes general areas or, as determined appropriate by the county, proposes specific sites which may be suitable locations for a facility. However, if the plan instead contains siting criteria for selecting sites for new hazardous waste facilities, the plan shall propose general areas where the criteria might be applicable.

"(4) If the county preparing the plan has entered into a formal agreement with other counties to manage hazardous waste, the agreement is documented.

The Planning and Zoning Law contains no such requirements, nor is there any requirement in that law that a special element (for hazardous waste management or any other subject) be approved by any state agency before it is incorporated into a county's general plan. Thus department action on a plan submitted for approval under the Hazardous Waste Control Law has no bearing upon approval or adoption of the same plan under the Planning and Zoning Law.

We conclude that a county hazardous waste management plan may substantially comply with the Planning and Zoning Law when adopted as an optional element of the county's general plan even though the same plan had previously been disapproved by the Department of Health Services when submitted to that department pursuant to the Hazardous Waste Control Law.

Authority to Issue Building Permits, Make Zoning Changes and Approve Subdivision Maps.

The second question submitted for this opinion asks whether a county may lawfully issue building permits, grant zoning changes or variances or approve subdivision maps if its general plan does not substantially comply with state law. This question asks us to assume that the county's general plan does not substantially comply with the statutory requirements for general plans. We therefore address the effect such noncompliance has upon the county's authority to issue building permits, make zoning changes and approve subdivisions.

Section 65751 provides:

"Any action to challenge a general plan or any element thereof on the grounds that such plan or element does not substantially comply with the requirements of Article 5 (commencing with Section 65300) shall be brought pursuant to Section 1085 of the Code of Civil Procedure."

This section provides an exclusive remedy to challenge the substantial compliance of a general plan or element with statutory requirements. (*Neighborhood Action Group* v. *County of Calaveras* (1984) 156 Cal.App.3d 1176, 1188, fn. 9.) The validity of a building permit, zoning change or variance because a relevant element of the general plan does not substantially comply with statutory requirements may be challenged in such an action. (*Neighborhood Action Group* v. *County of Calaveras*, *supra*.)[3]

---

[3]The procedural difficulties in meshing such an action with section 65751 are explored in footnote 9 of the *Neighborhood Action Group* opinion.

Section 65754 provides in part:

"In any action brought to challenge the validity of the general plan of any city [or] county . . ., if the court, in a final judgment in favor of the plaintiff or petitioner, finds that the general plan . . . does not substantially comply with the requirements of Article 5 (commencing with Section 65300):

"(a) The city [or] county . . . shall bring its general plan . . . into compliance with the requirements of Article 5 (commencing with Section 65300) within 120 days. . . ."

Section 65755 provides in part:

"(a) The court shall include, in the order or judgment rendered pursuant to Section 65754, one or more of the following provisions for any or all types or classes of developments or any or all geographic segments of the city, county, or a city and county until the city, county, or city and county has substantially complied with the requirements of Article 5 (commencing with Section 65300):

"(1) Suspend the authority of the city [or] county . . . to issue building permits, or any category of building permits, and all other related permits, . . .

"(2) Suspend the authority of the city [or] county . . . to grant any and all categories of zoning changes, variances, or both.

"(3) Suspend the authority of the city [or] county to grant subdivision map approvals for any and all categories of subdivision map approvals.

". . . . . . . . . . . . . . . . . . . . . . . . . ."

The county's authority to issue building permits derives from its primary responsibility to enforce the State Buildings Standards Code under the State Housing Law. (See Health & Saf. Code, §§ 19825 et seq., 19120, 19130 and 18948; 65 Ops.Cal.Atty.Gen. 397, 404.) The county's authority to grant zoning changes and variances is set forth in the Planning and Zoning Law. (See §§ 65850, 65853 and 65906.) The county's authority to approve subdivision maps is set forth in the Subdivision Map Act. (See § 66451 et seq.) This authority is not affected by any assumed failure of a general plan to substantially conform to statutory requirements because the law presumes the validity of the general plan until it is challenged in court and the presumption is overcome by proof of its invalidity. (See *People* v. *Johnson* (1954) 129 Cal.App.2d 1, 10 and *City of Industry* v. *Willey* (1970) 11 Cal.App.3d 658, 663.) The only way such a challenge may be made is in an action brought pursuant to section 65751. It is not until that finding has been made that the county is required by section 65754(a) to bring its general plan into compliance with the statutes within 120 days.

In view of the assumption that the general plan does not substantially comply with statutory requirements grounds would exist for an action to be filed pursuant to section 65751. With proof of lack of compliance in such action the court could make the finding and judgment contemplated by section 65754.

Section 65755 provides that in the order or judgment rendered pursuant to section 65754 the court "shall include" "one or more" of the provisions set forth in the six subdivisions of section 65755 "for any or all types or classes of developments or any or all geographic segments of

the . . . county."   While the court must include one or more of these provisions in its judgment, it is not required to include one of the suspensions authorized in the first three subdivisions.  If the court does include one or more of these suspensions in its judgment these suspensions may be limited to certain types or classes of developments and may also be limited to certain geographic segments of the county.

We conclude that a county may lawfully issue building permits, grant zoning changes or variances and approve subdivision maps unless and until the court suspends the authority of the county to take any of such actions based upon its finding that the general plan does not substantially comply with statutory requirements in a judgment rendered pursuant to section 65754.

* * * * *